Filed 3/27/25  P. v. Dismuke CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MELVIN DISMUKE,<br><br>Defendant and Appellant. | F087359<br><br>(Super. Ct. No. 1006268)<br><br><br>OPINION |

THE COURT*

APPEAL from an order of the Superior Court of Stanislaus County.  Carrie M. Stephens, Judge.

Carlo Andreani, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Franson, Acting P. J., Snauffer, J. and DeSantos, J.

This appeal involves the interplay between Proposition 36, the Three Strikes Reform Act of 2012 (the Reform Act) (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)), and Penal Code[1] section 1172.75, which invalidated prior prison term enhancements. Defendant Melvin Dismuke was originally sentenced in 2003. His sentence included three terms of 25 years to life under the original "Three Strikes" law, as well as a prior prison term enhancement under section 667.5, subdivision (b). In 2023, the trial court resentenced Dismuke under section 1172.75 by striking the enhancement, but it left intact the three strikes sentences.

On appeal, Dismuke contends that his three indeterminate life terms are unauthorized under the Reform Act, and therefore the trial court erred by failing to reduce his sentence further. The People agree with Dismuke that the court was required to resentence him under the current provisions set forth in the Reform Act. However, we will follow other Courts of Appeal that have considered whether section 1172.75 authorizes a trial court to reconsider a three strikes sentence under the Reform Act and held it does not. Therefore, we affirm the trial court's order declining to reduce Dismuke's sentence beyond striking the now invalid prior prison term enhancement.

## BACKGROUND

### I. The underlying convictions

A jury found Dismuke guilty of transporting cocaine (Health & Saf. Code, § 11352, subd. (a); count 1), possession of a firearm by a felon (§ 12021; count 2), felony evading a peace officer (§ Veh. Code, § 2800.2; count 3); and misdemeanor hit and run (Veh. Code, § 20002, subd. (a); count 4). The trial court separately found that Dismuke had suffered two prior convictions within the meaning of the Three Strikes law (§§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(A)) and had served a prior prison term (667.5, subdivision (b)).

---

[1] Undesignated statutory references are to the Penal Code.

In 2003, the trial court sentenced Dismuke, on count 1, to 25 years to life and, on counts 2 and 3, to concurrent terms of 25 years to life. The court imposed a concurrent six-month term on count 4 and also imposed a one-year term under section 667.5, subdivision (b).

## II.     Postjudgment proceedings under section 1172.75

In 2023, the trial court determined that Dismuke might be entitled to resentencing under section 1172.75 and set a hearing for appointment of counsel. Dismuke submitted briefing in which he asked the trial court to strike his one-year prior and to resentence him under the Reform Act because section 1172.75, subdivision (d)(2), expressly requires the court to "apply any other changes in law that reduce sentences[.]" On that latter point, Dismuke urged the court to exercise its discretion under section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 to strike at least one of his prior strikes at his resentencing hearing. The People agreed the court should strike the one-year enhancement but otherwise argued that the sentence should remain the same as that originally imposed.

At the December 8, 2023, hearing, Dismuke expanded his argument by contending that a violation of Health and Safety Code section 11352, subdivision (a), is no longer a serious felony under the Reform Act and thus could not serve as the basis for a third-strike sentence . The court continued the matter to December 14, 2023, to allow the parties to submit supplemental briefing on the issue.

The People's supplemental brief argued that Dismuke had not timely petitioned for relief from his indeterminate life sentence under section 1170.126 of the Reform Act and, in any event, would be ineligible for resentencing under that section as he still posed an unreasonable risk of danger to the public. (See § 1170.126, subd. (b), (f).) They also relied on the recent holding of *People v. Superior Court (Guevara)* (2023) 97 Cal.App.5th 978, review granted March 12, 2024, S283305 (*Guevara*), to argue that the resentencing provisions of section 1170.126 provide the exclusive mechanism for

reducing a third strike sentence; section 1172.75 could not be used to "circumvent" section 1170.126's requirements.

Dismuke in his letter brief contended he was entitled to a full resentencing under the Reform Act, and since none of the felonies in counts 1 through 3 are any longer serious or violent felonies under the revised Three Strikes law, he could not be resentenced as a third striker. He asserted *Guevara* was wrongly decided.

At the December 14, 2023, hearing, the trial court followed *Guevara* and held that Dismuke was not entitled to have his strike offenses stricken. The court also noted that Dismuke had not petitioned for resentencing under section 1170.126, but even if he had, it would find he posed an unreasonable risk of danger to the public. Accordingly, the court recalled Dismuke's sentence, struck the one-year enhancement, and sentenced him to 25 years to life on count 1, concurrent terms of 25 years to life on counts 2 and 3, and a concurrent term of six-months on count 4.

## DISCUSSION

Dismuke contends the trial court should have reduced the indeterminate life terms imposed on counts 1 through 3 to second-strike determinate terms because the Reform Act has rendered those life terms unauthorized. This contention involves whether a trial court considering a section 1172.75 petition for resentencing may reduce a pre-Reform Act third strike sentence.

### I.     Statutory background

#### A.     Three Strikes and The Reform Act

"Under the original Three Strikes law, a defendant with two or more prior serious or violent felony convictions would be sentenced to a life term for a current felony conviction even if the current conviction was not for a serious or violent felony. (Former §§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(C).) Voters enacted the Reform Act, as Proposition 36, in 2012. Under the Reform Act, a defendant with two or more prior convictions for serious or violent felonies, whose current conviction was for a nonserious

4.

or nonviolent felony, would no longer receive a life sentence. Instead, the term for the current offense would be doubled. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).)" (*Guevara, supra,* 97 Cal.App.5th at p. 983.)

"The Reform Act also provides that any person currently serving a life term pursuant to the Three Strikes law for conviction of a felony that is not serious or violent may petition for resentencing. (§ 1170.126, subd. (b).) The petition must be filed within two years of the effective date of section 1170.126, November 7, 2012, or on a later date upon a showing of good cause. (*Ibid.*) If the petitioner satisfies the criteria for resentencing, the petitioner shall be resentenced as a second striker 'unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.126, subd. (f).)" (*Guevara, supra,* 97 Cal.App.5th at p. 984, fn. omitted.) In exercising its discretion, a trial court may consider the petitioner's criminal conviction history, disciplinary record and record of rehabilitation while incarcerated, and any other evidence the trial court deems relevant to the issue. (§ 1170.126, subd. (g).)

"The Reform Act allows the Legislature to amend it by statute only if the statute passes each house of the Legislature by a vote of two-thirds of the membership." (*Guevara, supra,* 97 Cal.App.5th at p. 985.)

### B.     Section 1172.75

In 2021, the California Legislature passed Senate Bill No. 483, which added section 1172.75 (Stats. 2021, ch. 728, § 3.) Section 1172.75 declared legally invalid one-year sentencing enhancements for a prior prison term, unless the prior prison term was for a sexually violent offense. (*Id.*, at subd. (a).) If a judgment includes a qualifying enhancement, the trial court must recall the sentence and resentence the defendant. (§ 1172.75, subd. (c).) Further, the resentencing court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

Resentencing under section 1172.75 "shall result in a lesser sentence than the one originally imposed … unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) Moreover, the court may take into consideration postconviction factors, and "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.*, subds. (d)(3), (d)(4).)

## II. Analysis

Dismuke argues the trial court erred in resentencing him to indeterminate life terms on his felony convictions because he was entitled to a full resentencing under section 1172.75, subdivision (d)(2), during which the trial court was required to apply the current penalty provisions set forth in the Reform Act. And under the Reform Act, none of his three felonies any longer qualify as a serious or violent felony. (§§ 667.5, subd. (c) [listing violent felonies], 1192.7, subd. (c) [listing serious felonies].) Accordingly, he argues, the trial court was not authorized to reimpose indeterminate life terms. The People agree with Dismuke. However, we disagree with both parties and instead conclude that section 1172.75 is not a vehicle for resentencing under the Reform Act. Thus, the trial court did not err by declining to resentence Dismuke under the Reform Act and reimposing the indeterminate life terms.

Every single Court of Appeal to consider this question has held that the resentencing provisions of section 1170.126 provide the exclusive mechanism for reducing a third strike sentence for a nonserious and nonviolent felony, and that "applying the revised penalty provisions of the … Reform Act to reduce a defendant's

6.

indeterminate life term to a determinate term when the defendant is being resentenced under section 1172.75 due to an invalid prior prison term enhancement unconstitutionally amends the resentencing procedure and requirements set forth in section 1170.126 of the voter-approved … Reform Act." (*People v. Superior Court (Williams)* (2024) 102 Cal.App.5th 1242, 1250 (*Williams*), review granted Aug. 28, 2024, S286128; accord, *People v. Santos* (2024) 100 Cal.App.5th 666 (*Santos*), review granted May 29, 2024, S284341; *People v. Kimble* (2024) 99 Cal.App.5th 746 (*Kimble*), review granted Apr. 24, 2024, S284259; *Guevara, supra,* 97 Cal.App.5th 978, review granted Mar. 12, 2024, S283305.)  The parties' interpretation of section 1172.75 would unconstitutionally amend section 1170.126 in multiple ways.[2]

First, the parties' interpretation of section 1172.75 would eliminate the time limit on when a resentencing petition under the Reform Act could be filed—within two years of the Reform Act's effective date (November 2014) or later only on a showing of good cause.  (*Williams, supra,* 102 Cal.App.5th at p. 1264.)  Allowing Dismuke to seek the ameliorative benefits of the Reform Act now, under section 1172.75, would allow him to bypass the two-year limit without the required showing of good cause.  There is no reason to believe that the electorate intended the two-year limit to be circumventable like this.

Second, the parties' interpretation of section 1172.75 would improperly expand the scope of the Reform Act's retroactivity.  (*Kimble, supra,* 99 Cal.App.5th at pp. 753–755.)  Defendants sentenced under the Three Strikes law before the Reform Act's effective date in 2012, but whose judgments were not final as of that date, are not entitled

---

[2] In determining whether a statute amends an initiative measure, we ask whether the statute " 'prohibits what the initiative authorizes, or authorizes what the initiative prohibits.'  [Citation.]  'In resolving this question, we must decide what the voters contemplated.  "[T]he voters should get what they enacted, not more and not less."  [Citation.]' " (*Williams, supra,* 102 Cal.App.5th 1242, 1259.)

to automatic resentencing under the Reform Act's revised penalty provisions but must instead petition for recall of sentence and resentencing under section 1170.126. (*People v. Conley* (2016) 63 Cal.4th 646, 657–659.)  Dismuke was sentenced in 2003, and he therefore had to petition for resentencing under section 1170.126 to obtain resentencing on counts 1 through 3, which he did not do.

Third, interpreting section 1172.75 as requiring resentencing under the Reform Act would unconstitutionally amend the trial court's discretion not to reduce a third strike sentence if "resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)  To this point, we observe that in most of the prior published cases, the Three Strikes defendants being resentenced under section 1172.75 had previously been denied relief under section 1170.126 based on findings that they posed a danger to society.  (*Williams, supra,* 102 Cal.App.5th at p. 1249; *Kimble, supra,* 99 Cal.App.5th at p. 750; *Guevara, supra,* 97 Cal.App.5th at p. 982.)  It would be absurd if a defendant could be denied resentencing upon a section 1170.126 petition because of their unreasonable risk to society, yet later obtain automatic resentencing under that same section—1170.126—if they came under section 1172.75.  This is a significant deviation from what the voters enacted in the Reform Act.

Despite the above, the parties urge us to adopt the view expressed in the dissenting opinion in *Guevara, supra,* 97 Cal.App.5th at pages 988–995.  But that view rests on the premise that a resentencing under section 1172.75 is a full resentencing, and thus a defendant like Dismuke is entitled to be resentenced as though he were just convicted of a nonviolent and nonserious offense—that is, as someone with only two strikes.  We reject that premise for the same reason the *Guevara* majority did, which is that the portion of Dismuke's sentence mandated by the Three Strikes law was not vacated and thus not subject to resentencing in a section 1172.75 proceeding.  (*Guevara, supra,* at p. 986.)  Simply put, "because section 1172.75 was not enacted by a two-thirds vote of both houses of the Legislature, it is not the mechanism for relief for those serving an

indeterminate term pursuant to the Reform Act." (*Id.* at p. 987.) As to his third strike sentence, Dismuke "is entitled to resentencing only upon a successful petition under section 1170.126." (*Santos, supra,* 100 Cal.App.5th at p. 676.)

Dismuke also offers another basis for reversing the order, this one based on the dissenting opinion in *Williams, supra,* 102 Cal.App.5th 1242. He contends that "[s]ection 1172.75 may constitute 'good cause' for [him] to file a *renewed* resentencing petition under section 1170.126 past subdivision (b)'s two-year filing deadline." (Italics added.) He urges us to direct the trial court to vacate its order and allow Dismuke the chance to file a "renewed" resentencing petition under section 1170.126 "for simultaneous consideration [with] his section 1172.75 petition." But Dismuke never filed a first section 1170.126 petition, and we see no reason he cannot file a section 1170.126 petition without an accompanying section 1172.75 petition.

## DISPOSITION

The order is affirmed.